U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR 15 2013

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ISAAC J. DOW                        §
                                    §
                                    §
VS.                                 §    CIVIL NO.4:13-CV-299-A(BJ)
                                    §
CAROLYN W. COLVIN,                  §
Acting Commissioner,                §
Social Security Administration      §

FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

In this case, Plaintiff has filed a civil case with a motion for leave to proceed *in forma pauperis*. Resolution of the motion was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and Miscellaneous Order No. 6.[1] The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A. NATURE OF THE CASE

This case is a new civil action.

B. PARTIES

Isaac J. Dow is the plaintiff. The defendant/respondent is Carolyn W. Colvin, Acting Commissioner, Social Security Administration.[2]

---

[1]Order for the Adoption of Rules for the Exercise of Powers and Performances of duties by United States Magistrate Judges, signed May 5, 2005.

[2]Although Dow named the Social Security Administration, as his suit is a challenge to the decision of the Appeals Council that he is not entitled to disability benefits under the Social Security Act, the acting commissioner is the proper respondent. *See* 42 U.S.C.A. § 405(g)(West 2011). The clerk of Court should note this on the docket.

## C. LEGAL ANALYSIS

Plaintiff accompanied his complaint with a motion to proceed in forma pauperis under 28 U.S.C. § 1915 *et. seq.* That motion/application includes the income and asset information for both the plaintiff and his spouse.  In making the in-forma-pauperis determination, the Court may consider the total monetary resources available to assist Plaintiff, and "it is appropriate to consider a spouse's income."[3] A review of the financial information submitted in the application/motion reflects that Plaintiff receives monthly disability benefits from the Veterans Administration of $3,088, and his spouse receives monthly income of $2,160.  Although they have one dependent, under the Department of Health and Human Service poverty guidelines for 2013, the guideline for a three-person household is $19,530. As Plaintiff's household income is far above that threshold, the application shows that Plaintiff has sufficient resources available to pay the filing fee. Thus, after review and consideration of the application/motion to

---

[3]*Muhammad v. Louisiana Attorney Disciplinary Board, et al.,* No. 09-3431, 2009 WL 3150041, at *1 (E.D. La. Sep. 25, 2009); *see e.g., Montiel v. Wyndham Anatole Hotel,* No.3:03-CV-1813-L, 2003 WL 22595820, at *1 (N.D. Tex. Nov. 6, 2003)(denying request to proceed in forma pauperis where plaintiff and spouse had combined monthly income of $3360 and &700 in a bank account); *Mann v. Frank,* No. 90-1122-CV-W-5, 1992 WL 219800, at *3-4 (W.D.Mo. Sept. 2, 1992)(considering plaintiff and her husband's equity in real property, their ownership of automobiles, and combined family income of $70,000 per year in rejecting in forma pauperis petition); *Monti v. McKeon,* 600 F.Supp. 112, 114 (D. Conn. 1984)(request to proceed on appeal in forma pauperis denied where plaintiff was supported by her spouse and spouse was able to pay costs); *Auffant v. Paine, Webber, Jackson & Curtis, Inc.,* 538 F.Supp. 120, 1202 (D.P.R. 1982)(court should consider overall financial situation of applicant as well as assets and liabilities of spouse); *Williams v. Spencer,* 455 F.Supp. 205, 209 (D. Md. 1978)("The question under 28 U.S.C. § 1915 is whether the litigant is unable to pay the costs, and the answer has consistently depended in part on a litigant's actual ability to get funds from a spouse . . .").

proceed in forma pauperis filed by Plaintiff, the undersigned finds the motion to proceed IFP should be denied, and will make such a recommendation.

RECOMMENDATION

It is therefore RECOMMENDED that Plaintiff's April 10, 2013 motion to proceed in forma pauperis [docket no. 2] be DENIED by the district judge.

It is further RECOMMENDED that the district judge inform Plaintiff that his complaint will be subject to dismissal without further notice under Federal Rule of Civil Procedure 41(b), unless Plaintiff pays to the clerk of Court the full filing fee of $350.00 within seven (7) days after the district judge's order.

NOTICE OF RIGHT TO OBJECT TO PROPOSED<br>FINDINGS, CONCLUSIONS AND RECOMMENDATION<br>AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 6, 2013. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination

3

is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding and legal conclusion if it has been accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

<u>ORDER</u>

Under 28 U.S.C. § 636, it is ORDERED that Plaintiff is granted until May *6*, 2013 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge, be and is hereby, returned to the docket of the United States District Judge.

SIGNED April *15*, 2013.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE